UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMIAH SERVIS,

          Plaintiff,

   v.

JESUS MENDIOZA, *et al.*,

          Defendants.

CASE NO. 3:25-cv-05685-JNW-GJL

ORDER DENYING MOTION FOR COUNSEL

This matter is before the Court on referral from the District Court and on Plaintiff's Motion to Appoint Counsel. Dkt. 12. For the reasons set forth below, the Motion (Dkt. 12) is **DENIED without prejudice**.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). And district courts lack authority to require counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). A district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims

*pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Thus, to obtain voluntary counsel, a plaintiff must plead facts showing that (1) he has an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff has not demonstrated extraordinary circumstances warranting appointment of counsel. Plaintiff cites only his indigency and his incarcerated status, but those are not extraordinary circumstances that set him aside from other prisoner plaintiffs. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted). Moreover, Plaintiff has demonstrated a sufficient grasp of the legal issues involved in this case and an ability to articulate the factual basis of his claims, having filed a Complaint that passed this Court's screening.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel (Dkt. 12) is **DENIED without prejudice**.

Dated this 15th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 2