UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMIAH SERVIS,<br>Plaintiff,<br>v.<br>JESUS MENDIOLAZA, *et al.*,<br>Defendants. | CASE NO. 3:25-cv-05685-JNW-GJL<br>REPORT AND RECOMMENDATION<br>Noting Date: July 22, 2026 |

The District Court has referred this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Plaintiff Jeremiah Servis, proceeding *pro se* and *In Forma Pauperis* ("IFP"), has filed a Complaint alleging a violation of his constitutional right to adequate medical care. Dkt. 5.

Presently pending before the Court is Defendant Jesus Mendiolaza's Motion for Judgment on the Pleadings and for Summary Judgment ("Motion"). Dkt. 28. Plaintiff has not filed a response to the Motion. *See docket*. For the reasons below, the Court **RECOMMENDS** Defendant's Motion be **GRANTED** and Plaintiff's claims be **DISMISSED with prejudice** as to all Defendants.

## I. BACKGROUND

Plaintiff, an inmate formerly confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington, initiated this action in August 2025, alleging his constitutional rights were violated in connection with medical care he received at CRCC in March 2023. Dkts. 1, 1-3.

In his Complaint, Plaintiff alleges that, on March 28, 2023, he received treatment for a painful cyst on his upper left arm from Defendant Mendiolaza, an Advanced Registered Nurse Practitioner ("ARNP") at CRCC. Dkt. 5 at 4–7. When Defendant Mendiolaza observed the cyst, he proposed to "open up the skin and possibly drain the cyst and then he could remove it." *Id*. at 5. Plaintiff agreed, Defendant Mendiolaza numbed the area and performed the procedure, but it caused a deep wound to Plaintiff's arm that necessitated fifteen (15) staples. *Id*. at 7.

Later, after Plaintiff returned to his cell, the wound started to bleed through the dressing and required another visit to the infirmary. *Id*. Once there, a provider called 911 because Plaintiff's sutures had come apart, and Plaintiff was promptly transported to an outside hospital for additional treatment. *Id*. As a result of the treatment by both Defendant Mendiolaza and providers at the hospital, Plaintiff suffered pain for a month, severe nightmares and depression, as well as nerve damage and a scar on his left arm. *Id*. As relief, Plaintiff seeks monetary damages. *Id*. at 8.

On February 6, 2026, Defendant Mendiolaza filed the instant Motion. Dkt. 28. Plaintiff did not respond to the Motion, and thus, on March 11, 2026, the Court entered an Order directing Plaintiff to show cause why the claims against Defendant Mendiolaza should not be dismissed for Plaintiff's failure to respond to the Motion. Dkt. 33.

On April 16, 2026, Plaintiff filed a Response to the Court's Order, requesting that the Court not dismiss his case. Dkt. 35. As a result, the Court entered an Order on April 29, 2026,

directing Plaintiff to respond to the Motion not later than May 13, 2026, and permitted Defendant Mendiolaza to file an optional reply by May 20, 2026. Dkt. 36. To date, Plaintiff has not filed a response to the Motion.

On May 19, 2026, Defendant Mendiolaza filed a Reply arguing in part that his Motion should be granted due to Plaintiff's failure to file any substantive opposition. Dkt. 37.

## II. DISCUSSION

### A. Defendant Mendiolaza's Motion for Judgment on the Pleadings (Dkt. 28)

Defendant Mendiolaza moves for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 28. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

#### 1. <u>Standard of Review</u>

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. While the Court is to construe a *pro se* complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

2. <u>Eighth Amendment Claim</u>

Defendant Mendiolaza contends Plaintiff has failed to state a claim against him under the Eighth Amendment. Dkt. 28. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, Plaintiff alleges his Eighth Amendment rights were violated when Defendant Mendiolaza was deliberately indifferent to his serious medical needs. Dkt. 5. Specifically, Plaintiff complains that Defendant Mendiolaza's failure to adequately treat a cyst on Plaintiff's left arm led to the need for further treatment at an outside hospital and caused him pain, suffering, and physical scarring. *Id.* "Deliberate indifference to serious medical needs of

prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059–1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Allegations that amount to mere indifference, negligence, or medical malpractice will not support an Eighth Amendment cause of action under § 1983. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that Defendant Mendiolaza was deliberately indifferent to his serious medical needs by causing a deep wound in his left arm in an attempt to treat the painful cyst. Dkt. 5 at 5, 7. That deep wound, even when stapled and dressed, started to bleed through the dressing and required additional sutures to close. *Id*. at 7. That additional treatment was performed by providers at an outside hospital. *Id*. After the treatment by both Defendant Mendiolaza and outside providers, Plaintiff suffered pain for a month, nerve damage, as well as severe nightmares and depression. *Id*. He also now has a scar on his arm where the cyst was removed. *Id*.

Based on these facts set forth in the Complaint, Plaintiff has failed to explain how Defendant Mendiolaza's actions rose to deliberate indifference to his serious medical needs. *See* Dkt. 5. Plaintiff does not allege Defendant Mendiolaza "purposefully ignore[d] or fail[ed] to respond to [his] pain or possible medical need." *McGuckin*, 974 F.2d at 1060. At best, Plaintiff alleges he disagrees with how he was medically treated for the cyst on his left arm. However, the Complaint demonstrates that extensive efforts were made to address Plaintiff's medical needs. Plaintiff was seen and treated promptly for the painful cyst, and provided timely follow up treatment at an outside hospital when his sutures ruptured and the bleeding continued. Despite

these efforts, Plaintiff suffered pain during his treatment and recovery. Mere disagreement, without more, between Plaintiff and medical staff over the course of treatment does not suffice to succeed on a deliberate indifference claim. *See Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1059–60 (9th Cir.2004).

For the above stated reasons, the Court finds Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Mendiolaza. Accordingly, the Court **RECOMMENDS** the Motion (Dkt. 28) be **GRANTED** as to this claim against Defendant Mendiolaza.

**B. Defendant Mendiolaza's Motion for Summary Judgment (Dkt. 28)**

In the instant Motion, Defendant Mendiolaza asserts Plaintiff's Complaint could be liberally construed to also include a state law claim of medical negligence. Dkt. 28 at 2; 7–13. Consequently, Defendant Mendiolaza now also moves for summary judgment based on Plaintiff's failure to assert such a claim. *Id*. at 7–13.

1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

The moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Where the moving party does not bear the burden at trial, it can carry its initial burden by

presenting evidence that negates an essential element of the nonmoving party's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party bears the burden at trial, it can meet its initial burden by presenting evidence sufficient to demonstrate that no reasonable trier of fact could find for the nonmoving party; the evidence presented must establish beyond controversy every essential element of the claim. *Southern California Gas. Co. v. City of Santa Ana*, 336 F.3d 885, 888–89 (9th Cir. 2003).

If the moving party meets its initial responsibility, the burden then shifts to the nonmoving party to establish a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. Material facts are those which might affect the outcome of the suit under governing law. *Id.* A mere scintilla of evidence cannot create a factual dispute. *Id.* at 252. Likewise, the nonmoving party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

Allegations based merely on the plaintiff's belief are not enough to oppose summary judgment, as are unsupported conjecture and conclusory statements. *Id.*; *McElyea v. Babbitt*, 833 F.2d 196, 197–98 n.1 (9th Cir. 1987). In ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party, *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, and may not weigh the evidence or make credibility determinations, *Anderson*, 477 U.S. at 248.

Where, as here, the nonmoving party fails to respond to the summary judgment motion, the Court cannot grant the motion automatically. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion."); Local Rules W.D. Wash. LCR 7(b)(2). Rather, the Court can grant summary judgment only if "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see Heinemann*, 731 F.3d at 916. A fact may be considered undisputed at summary judgment if it is raised in an unopposed motion. Fed. R. Civ. P. 56(e)(3); *Heinemann*, at 916.

2. <u>Medical Negligence Claim</u>

Liberally construing Plaintiff's Complaint to include a state law claim, this Court has supplemental subject-matter jurisdiction over Plaintiff's medical negligence claim because it is part of the "same case or controversy" as Plaintiff's federal section 1983 claim. *See* 28 U.S.C. § 1367(a). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also* 28 U.S.C. § 1367(c). As discussed above, the Court recommends that Plaintiff's claim of deliberate indifference to his serious medical needs under the Eighth Amendment be dismissed. Accordingly, the Court **RECOMMENDS** the District Court **DECLINE to exercise jurisdiction** over the related state law claim against Defendant Mendiolaza.

Even if the District Court reaches the Plaintiff's medical negligence claim, **it should nonetheless GRANT** Defendant Mendiolaza's instant Motion.

A claim of medical negligence under Washington law requires the plaintiff to prove two elements: (1) the defendant "failed to exercise that degree of care, skill, and learning expected of

a reasonably prudent health care provider" in defendant's position, and (2) that failure proximately caused plaintiff's injury. RCW § 7.70.040; *Keck v. Collins*, 184 Wash. 2d 358, 371 (Wash. 2015).

Washington State law requires a party seeking recovery for medical negligence to establish the elements of the accepted standard of care and of causation using expert testimony. *See Seybold v. Neu*, 105 Wash. App. 666, 676 (Wash. Ct. App. 2001). In some cases, where these matters are within the expertise of a layperson, courts have dispensed with the requirement of expert testimony. *Young v. Key Pharmaceuticals, Inc.*, 112 Wash. 2d. 216, 228 (Wash. 1989). But this exception is confined to rare instances where the facts are observable by a layperson's senses and describable without medical training. *See id*. (discussing cases involving amputation of the wrong limb or poking a patient's eye with a needle).

Here, Defendant Mendiolaza argues that Plaintiff has failed to come forward with medical expert testimony that he breached the standard of care when treating Plaintiff for the cyst on his left arm. *See* Dkt. 28 at 9–12. Plaintiff has neither pointed to expert evidence nor addressed this issue. *See* Dkt. 5. This failure of proof regarding an essential element of Plaintiff's case merits granting summary judgment in Defendant Mendiolaza's favor. *See Celotex Corp.*, 477 U.S. at 323; *accord Thompson v. Frank Luna*, 441 F. App'x. 528, 529 (9th Cir. 2011) (affirming summary judgment in a prisoner's 1983 alleging deliberate indifference and medical malpractice because the prisoner failed to provide expert medical testimony regarding the standard of care and causation); *Reynolds v. Wash. Dep't of Corr.*, 724 F. App'x. 604 (9th Cir. 2018) (same).

//

//

Accordingly, should the District Court reach Plaintiff's medical negligence claim, the Court **RECOMMENDS** Defendant Mendiolaza's Motion (Dkt. 28) be **GRANTED** as to Plaintiff's medical negligence claim.

**C. Screening under § 1915A – Defendant Department of Corrections**

Defendant Department of Corrections ("DOC") is also named in the Complaint, but has not filed a dispositive motion. As the Court granted Plaintiff *in forma pauperis* status under 28 U.S.C. § 1915(a), the Court must subject cases commenced pursuant to § 1915(a) to a mandatory screening. Further, under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Therefore, the Court will screen the Complaint to determine if Plaintiff has sufficiently stated a claim against DOC.

1. <u>Federal Claims pursuant to 42 U.S.C. § 1983</u>

Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989) ("a State is not a person within the meaning of § 1983"); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (explaining governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under § 1983); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *Hale v. Arizona,* 993 F.2d 1387, 1398–99 (9th Cir. 1993) (en banc) (Arizona

Department of Corrections is an arm of the State of Arizona). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. *See Taylor v. Washington Dep't of Corr.*, No. 23-35046, 2024 WL 4262806 at * 1 (9th Cir. Sept. 23, 2024) (citing *Yakima Indian Nation v. State Dep't of Revenue*, 176 F.3d. 1241, 1245 (9th Cir. 1999)); *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982).

The DOC is a state agency which cannot be sued under § 1983. Accordingly, the Court **RECOMMENDS** Plaintiff's § 1983 claims against the DOC be **DISMISSED**.

2. State Law Claim

As set forth above, Defendant Mendiolaza suggests Plaintiff's Complaint could be liberally construed to also include a state law claim of medical negligence. *See supra*, Section II.B. With respect to the DOC, in the Complaint Plaintiff states, "DOC assumes any and all responsibility in the event that something goes wrong while in the care of the department." Dkt. 5 at 4–5. Again construing the Complaint liberally, Plaintiff alleges a cause of action against the DOC for the actions of its agent and employee, Defendant Mendiolaza, under a theory of respondeat superior. *See id*. However, the Court has concluded above that all of Plaintiff's claims against Defendant Mendiolaza should be dismissed. *See supra*, Sections II.A–B.

Therefore, any claims against the DOC for the actions of Defendant Mendiolaza should not be permitted to proceed. As such, the Court **RECOMMENDS** any state law claim against the DOC also be **DISMISSED**.[1]

//

//

[1] In the alternative, if the District Court concludes that all federal claims against the DOC should be dismissed, but declines to adopt this R&R regarding the screening of any construed state law claim, the Court **RECOMMENDS** that the District Court **DECLINE to exercise supplemental jurisdiction** over Plaintiff's state law claim against the DOC.

### D. Leave to Amend

The Ninth Circuit has "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendant Mendiolaza was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has failed to show Defendant Mendiolaza purposefully ignored or failed to respond to Plaintiff's medical need, or that he knew of and disregarded an excessive risk to Plaintiff's health or safety. Additionally, Plaintiff has failed to establish a related state law claim of medical negligence. Finally, Plaintiff has failed to state a claim against Defendant DOC.

Upon review, the Court finds leave to amend will not cure the deficiencies identified in the Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendant Mendiolaza's Motion for Judgment on the Pleadings and for Summary Judgment (Dkt. 28) be **GRANTED**. The Court further **RECOMMENDS** that any claims against Defendant DOC be **DISMISSED**. The Court **RECOMMENDS** all of Plaintiff's claims be **DISMISSED with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 22, 2026, as noted in the caption.

Dated this 7th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge